UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| MARCOS CHAPA | ) | |
| | ) | |
| *Plaintiff,* | ) | Case No. _____ |
| vs. | ) | |
| | ) | |
| THE UNITED STATES OF AMERICA | ) | |
| | ) | |
| *Defendant.* | ) | |

## ORIGINAL COMPLAINT FOR DAMAGES OF BREACH OF CONTRACT

## UNDER THE FEDERAL TORT CLAIMS ACT

Plaintiff, Marcos Chapa, by and through his attorney, Mariliza V. Williams, now comes

before this Court and complain of the United States Government, as follows:

### I.     PARTIES

1. Plaintiff, Marcos Chapa, is a resident of Laredo, Webb County, Texas.

2. Defendant United States of America is the Federal Government of the United States,

   with its principal offices in Washington, D.C.

### II.     JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 28 USCS §

   1331, as this action arises under the laws of the United States, specifically involving a

   contract claim against the United States Government, and pursuant to 28 USCS §

   1346 and/or 28 USCS § 1391.

4. This Court has personal jurisdiction over the United States of America through the waiver of sovereign immunity provided by federal statute for contract claims against the United States.

5. Venue is proper in this judicial district pursuant to 28 USCS § 1391, as a substantial part of the events giving rise to this claim occurred in this district.

### III.    STATEMENT OF FACTS

6. The Federal Government made an offer to Plaintiff.

7. Plaintiff accepted the Federal Government's offer before the filing deadline.

8. Plaintiff's timely acceptance created a binding contract between Plaintiff and the Federal Government.

9.  After the filing deadline had passed, the Federal Government withdrew or revoked the offer.

10. At the time of the Federal Government's withdrawal, a valid and binding contract already existed between the parties.

11. The Federal Government's withdrawal of the offer after the deadline constituted a breach of the contract.

12. As a result of the Federal Government's breach, Plaintiff has suffered damages.

## IV. CLAIMS FOR RELIEF

### a. Count I - Breach of Contract

13. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 12 as if fully set forth herein.

14. A valid contract existed between Plaintiff and the Federal Government.

15. The Federal Government made an offer to Plaintiff.

16. Plaintiff accepted the Federal Government's offer before the specified filing deadline.

17. Upon Plaintiff's timely acceptance, a binding contract was formed between Plaintiff and the Federal Government.

18. Based on the existence of a binding settlement agreement between Plaintiff and the Federal Government, Plaintiff did not file an Original Complaint before the filing deadline.

19. The Federal Government breached the contract.

20. After the filing deadline had passed and after a binding contract had been formed, the Federal Government withdrew or revoked the offer.

21. The Federal Government's withdrawal of the offer after contract formation constituted a material breach of the contract.

22. Plaintiff suffered damages as a result of the Federal Government's breach.

### b. Count II – Promissory Estoppel

23. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 27 as if fully set forth herein.

24. The Federal Government made an offer to Plaintiff.

25. The offer constituted a promise that would be honored upon acceptance.

26. Plaintiff reasonably relied on the Federal Government's promise.

27. Plaintiff accepted the offer before the filing deadline in reasonable reliance on the Federal Government's promise.

28. Plaintiff's reliance on the promise was reasonable under the circumstances.

29. When an offer is communicated, it is reasonable that said offer be honored.

30. Plaintiff suffered a detrimental change in position in reliance on the promise.

31. In reliance on the promise, Plaintiff was stripped of the opportunity to file a Complaint against the Federal Government for damages in accordance with the Federal Tort Claims Act.

32. Enforcement of the promise is necessary to prevent injustice.

33. The Federal Government's withdrawal of the offer after the filing deadline, following Plaintiff's detrimental reliance, would result in substantial injustice to Plaintiff.

34. Plaintiff is now precluded from instituting an Original Complaint against the Federal Government, as the Plaintiff relied upon the settlement agreement as a binding contract and the Federal Government revoked the offer after the filing deadline, leaving Plaintiff with no recourse or alternative remedies.

## V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in favor of Plaintiff and against Defendant United States of America as follows:

A. Compensatory damages against Defendant in an amount to be determined at trial, including all direct and consequential damages resulting from Defendant's breach of contract.

B. In the alternative to monetary damages, specific performance requiring Defendant to honor the contract and enforce the settlement agreed upon by the Parties.

C. Pre-judgment interest on all amounts awarded, as permitted by law.

D. Post-judgment interest on all amounts awarded, as permitted by law.

E. Costs of suit incurred in this action.

F. Such other and further relief as the Court deems just and proper.

## VI.    JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

NEVÁREZ WILLIAMS
780 E. RIO GRANDE STREET
EAGLE PASS, TEXAS 78852
TEL: (830) 776-7003
FAX: (830) 776-7003

BY: _____

MARILIZA V. WILLIAMS
TX. SO. DIST. FEDERAL ID NO. 3958764
MVW@NEVAREZWILLIAMS.COM
ATTORNEYS FOR PLAINTIFF